# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STAR-LEE LOWNDES, | Case No. 1:16 -cv-01041-LJO-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING MOTION TO REMAND AND AWARDING ATTORNEY FEES |
| v. | |
| REGIS CORPORATION, | (ECF Nos. 6, 10, 11) |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Plaintiff Star-Lee Lowndes' ("Plaintiff") motion to remand this action to state court.

**I.**

**PROCEDURAL HISTORY**

Plaintiff is a resident of Tulare County, California. (Compl. p. 4.) Plaintiff was employed by Defendant Regis Corporation in Tulare County from November 2013 through March 2016 as a non-exempt employee. (Id.) Defendant is a Minnesota corporation that operates in Tulare County. (Id.) During the time that Plaintiff was employed by Defendant, Plaintiff alleges that she was subjected to numerous violations of the California Labor Code.

On June 10, 2016, Plaintiff filed this action in the Superior Court of Tulare County on behalf of herself and all current and former employees similarly situated seeking relief under

1

California's Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2698 et seq. (ECF No. 1 at 20-25.) On July 18, 2016, Defendant removed the action to the Eastern District of California asserting diversity jurisdiction. (ECF No. 1.)

Plaintiff filed a motion to remand on August 23, 2016. (ECF No. 6.) Defendant filed an opposition on September 21, 2016. (ECF No. 10.) Plaintiff filed a reply on September 27, 2016. (ECF No. 11.)

## II.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and only possess that power authorized by the Constitution and statute. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). Congress has conferred the district courts with original jurisdiction in all civil cases that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Additionally, Congress has provided a neutral forum by granting the district court jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds a specified amount. Exxon Mobil Corp., 545 U.S. at 552.

"[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). A notice of removal must be filed within thirty days of receiving the initial pleading setting forth the claim for relief, 28 U.S.C. § 1446(b).

In a diversity action, the removing defendant has the burden of establishing the amount in controversy by a preponderance of the evidence. Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013). Jurisdiction is analyzed based upon the pleadings filed at the time of removal without reference to any subsequent pleadings filed in the action. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). "The removal statute is strictly construed against removal jurisdiction." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court.

Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).

## III.

## ANALYSIS

Defendant removed this action on the basis of diversity jurisdiction. As relevant here, district courts have original jurisdiction over all civil actions where amount in controversy exceeds $75,000.00 and the action is between citizens of different states. 28 U.S.C. § 1332(a). The parties here do not challenge diversity of citizenship, but dispute whether the jurisdictional amount has been met. Defendant alleges that jurisdiction exists because the amount recoverable by the state agency would exceed $75,000.00. (Notice of Removal ¶¶ 32-72, ECF No. 1.)

Plaintiff argues that the Ninth Circuit ruled in Urbino v. Orkin Services of California, Inc., 726 F.3d 1118 (9th Cir. 2013), that the claims of other aggrieved employees cannot be aggregated to meet the $75,000.00 amount in controversy requirement for diversity jurisdiction. Since Defendant may not aggregate the claims of all class members to meet the amount in controversy requirement, Plaintiff argues that jurisdiction does not exist; and this action must be remanded.

Defendant counters that Plaintiff misconstrues the argument upon which diversity jurisdiction is premised. Defendant contends that the real party in interest in this action is the Labor and Workforce Development Agency ("LWDA"); and Defendant is only considering the seventy-five percent penalties that are attributable to the LWDA in the amount in controversy. Further, Defendant argues that the more recent decision in Sakkab v. Luxottica Retail N Am., Inc., 803 F.3d 425 (9th Cir. 2015) calls into question the continuing validity of Urbino's "assumption that PAGA claims necessarily implicate aggregation in the first place." (ECF No. 10 at 4.[1])

Plaintiff replies that Defendant cannot rely on the aggregated claims of the employees that will be payable to the state to create jurisdiction based upon the decision in Urbino; and this theory has been similarly rejected by other district courts. Further, Plaintiff contends that

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

attorney fees alone cannot be used to meet the jurisdictional threshold as it would effectively extinguish the amount in controversy requirement altogether.

### A. California's Public Attorneys General Act

The California legislature enacted PAGA to correct two perceived flaws in California's Labor Code enforcement scheme. Sakkab, 803 F.3d at 429. First, civil penalties were not available to redress the violations of some provisions of the California Labor Code. Id. The code provisions only provided for criminal sanctions, not civil fines, and therefore, could not be enforced in civil actions brought by the Labor Commissioner which resulted in violations of the Labor Code not being enforced. Id. Second, there was a shortage of government resources to pursue violations even where the Labor Code provided for civil penalties. Id. at 429-30. "To compensate for the lack of '[a]dequate financing of essential labor law enforcement functions,' the legislature enacted the PAGA to permit aggrieved employees to act as private attorneys general to collect civil penalties for violations of the Labor Code.2003 Cal. Stat. ch. 906 § 1(d)." Id. at 430.

Pursuant to PAGA, any provision of the California Labor Code that provides for the assessment and collection of a civil penalty by the LWDA for a violation of the Labor Code may be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees. Cal. Lab. Code § 2699(a). An aggrieved employee is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c).

Before bringing a civil action for statutory penalties, the aggrieved employee must comply with Labor Code section 2699.3 which requires the employee to provide written notice of the alleged Labor Code violations to both the employer and the LWDA. Cal. Lab. Code §§ 2699(a), 2699.3(a). The notice must include the facts and theories to support the alleged violation. Cal. Lab. Code § 2699.3(a). If the LWDA informs the employee that it does not intend to investigate, or fails to respond within 33 days, the employee may commence a civil action under PAGA. Cal. Lab. Code § 2699.3(a)(1)(B).

In bringing a representative action under PAGA, the aggrieved employee is acting as the

proxy or agent of the state's labor law enforcement agencies. Arias v. Superior Court, 46 Cal. 4th 969, 986 (2009). An action under PAGA can be brought as a representative action under California's Unfair Competition Law and does not have to be brought as a class action. Arias, 46 Cal.4th at 975. If the plaintiff prevails, the aggrieved employees are statutorily entitled to twenty-five percent of the civil penalties recovered while the LWDA is entitled to seventy-five percent. Cal. Lab. Code § 2699(i).

### B. Jurisdiction May Not Be Based On the State of California's Interest in Aggregated Claims

Plaintiff argues that Defendant's basis for determining the amount in controversy requirement is precluded by the Ninth Circuit's holding in Urbino. In Urbino, similar to this action, claims were brought under PAGA in state court and the defendant removed the action to federal court. Urbino, 726 F.3d at 1121. It was undisputed that the plaintiff's individual claims would not meet the $75,000.00 threshold for diversity jurisdiction. (Id. at 1122.) The district court determined that the PAGA claims were common and undivided, and therefore, capable of aggregation to provide for diversity jurisdiction. Id. at 1121. The plaintiff appealed to the Ninth Circuit.

While the traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to meet the amount in controversy requirement for diversity jurisdiction, the claims of class members can be aggregated to meet the requirement when they "unite to enforce a single title or right in which they have a common and undivided interest." Urbino, 726 F.3d at 1122 (quoting Snyder v. Harris, 394 U.S. 332, 335 (1969). In determining the character of the interest the court looks to "the source of the plaintiffs' claims. If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct." Urbino, 726 F.3d at 1122 (quoting Eagle v. Am. Tel. & Tel. Co., 769 F.2d 541, 546 (9th Cir.1985).

However, "simply because claims may have 'questions of fact and law common to the group' does not mean they have a common and undivided interest." Urbino, 726 F.3d at 1122 (quoting Potrero Hill Cmty. Action Comm. v. Hous. Auth., 410 F.2d 974, 977 (9th Cir.1969).

Only where the defendant owes an obligation to the plaintiffs as a group and not to the individuals will a common and undivided interest exist. Urbino, 726 F.3d at 1122. In wage and hour actions the rights are held individually and each employee suffers a unique injury that can be addressed without the involvement on the other employees. Id. Since the defendant's obligation is to the individual and not the group, their claims cannot be aggregated to meet the amount in controversy requirement. Id.

Defendant argues that Sakkab questions the continuing validity of Urbino. However, Sakkab considered whether the Federal Arbitration Act preempted the rule announced in Iskanian v. CLS Transportation Los Angeles, LLC, 59 Cal.4th 348 (2014), which barred the waiver of representative claims under PAGA. Sakkab, 803 F.3d at 427. Sakkab did address the difference between class action and representative actions under PAGA. While Defendant argues that Sakkab suggests that penalties recoverable by the State as the real party in interest compromise the amount in controversy that should be considered for removal purposes, neither diversity jurisdiction or the amount in controversy were at issue in Sakkab. The Court finds that Sakkab does not suggest that the penalties recoverable in a PAGA action by the State should be considered in determining the amount in controversy in a PAGA action; and therefore, it does not support Defendant's theory of removal in this instance.

As in Urbino, Plaintiff here is bringing claims for violations of the Labor Code and is only seeking PAGA penalties. Urbino found that a defendant cannot aggregate the claims of the represented plaintiffs to meet the amount in controversy requirement. In order to avoid this result, Defendant argues that the jurisdictional amount is not based on the aggregated claims of the class members, but jurisdiction is based on the LWDA's seventy-five percent interest in the action. The defendant in Urbino made a similar argument which the Ninth Circuit rejected. Urbino, 726 F.3d at 1122-23.

In Urbino, the defendants argued that they were not asserting the plaintiff's individual interest, but the state's collective interest in enforcing its labor laws through PAGA. Id. at 1122. The appellate court stated "we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction. The state, as the real

party in interest, is not a 'citizen' for diversity purposes." Id. at 1123.

"For the purposes of diversity jurisdiction, "a state is not a citizen of itself." Dep't of Fair Employment & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 737 (9th Cir. 2011) (citations omitted). Therefore, "neither a state nor a state agency can be a party to a diversity action." Id. (quoting Fifty Assocs. v. Prudential Ins. Co., 446 F.2d 1187, 1191 (9th Cir.1970)); see also Great Am. Ins. Co. of New York v. Jackson Cty. Sch. Dist. No. 9, 478 F.Supp.2d 1227, 1230 (D. Or. 2007) (if the state is the "real and substantial party in interest" in the action, then diversity jurisdiction is lacking). Since the state cannot be a party to a diversity action, the Court finds that diversity jurisdiction cannot be based on the amount the State would have in controversy here. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461, (1980). Further, in Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117 (9th Cir. 2014), the Ninth Circuit noted that it is the individual plaintiff's portion of recovery that is considered for the purposes of calculating the amount in controversy for a PAGA claim. Baumann, 747 F.3d at 1120 n.1.

None of the cases cited by Defendant led to a contrary result. Since Urbino courts have disagreed regarding if Urbino addressed whether the portion of the penalties that the individual plaintiff would receive should be aggravated with the seventy-five percent that the state would receive for purposes of diversity jurisdiction. Some courts find that for diversity jurisdiction, only the twenty five percent that the plaintiff would recover would count toward the jurisdictional minimum. Willis v. Xerox Bus. Servs., LLC, No. 1:13–cv–01353–LJO–JLT, 2013 WL 6053831, at *8 (E.D. Cal. Nov. 14, 2013); Lopez v. Ace Cash Exp., Inc., No. LA CV11-07116 JAK, 2015 WL 1383535, at *5 (C.D. Cal. Mar. 24, 2015); White v. Rite of Passage Adolescent Treatment Centers & Sch., Inc., No. 1:13-CV-1871 LJO-BAM, 2014 WL 641083, at *4 (E.D. Cal. Feb. 18, 2014), report and recommendation adopted, No. 1:13-CV-1871 LJO-BAM, 2014 WL 998688 (E.D. Cal. Mar. 12, 2014). Other courts find that the entire recovery, including the seventy five percent that would be recovered by the state counts toward the jurisdictional minimum. Patel v. Nike Retail Services, Inc., 58 F.Supp.3d 1032, 1046 (N.D. Cal.

2014) (entire amount of Patel's claim courts toward the amount in controversy); Quintana v. Claire's Stores, Inc., No. 13-0368-PSG, 2013 WL 1736671, at *7 (N.D. Cal. Apr. 22, 2013) (PAGA claims not divided in determining if Class Action Fairness Act ("CAFA") amount in controversy was met). However, this disagreement between the district courts involves the claims of the individual plaintiff or jurisdiction under CAFA. None of these cases consider whether jurisdiction exists based on the LWDA's interest in the PAGA penalties in a diversity action under 28 U.S.C. § 1332(a).

Based on the foregoing, the Court finds that Plaintiff cannot meet the jurisdictional amount in controversy threshold based upon the potential recovery of the LWDA.

### C. Defendant Fails to Meet Burden to Demonstrate the Amount in Controversy Requirement is Met

As the party seeking to invoke federal jurisdiction, Defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy requirement has been met. Rodriguez, 728 F.3d at 981.

Here, Defendant relies solely on the argument that the LWDA's potential recovery establishes the jurisdictional amount and does not attempt to establish the amount in controversy for Plaintiff's individual claims. While Defendant argues the value of attorney fees for the representative action, attorney fees in class action suits are not awarded solely to the named plaintiffs and must be divided among all class members. Gibson v. Chrysler Corp., 261 F.3d 927, (942 (9th Cir. 2001); see also Patel, 58 F.Supp.3d at 1049 (only the portion of attorney fees attributable to the plaintiff's individual claims count towards the amount in controversy). Therefore, the attorney fees considered for the purposes of establishing jurisdiction are only those that would be allocated to the plaintiff. Plaintiff has not established the amount of attorney fees that would be expended on litigating her individual claims in this action. Therefore, the Court declines to address whether attorney fees at removal would be only those incurred through the date of the removal.

Defendant has not met its burden of establishing that Plaintiff's claims in this action meet the jurisdictional amount for diversity jurisdiction. Accordingly, the Court hereby recommends

that Plaintiff's motion to remand be granted.

### D. Motion for Attorney Fees

Plaintiff seeks $5,100.00 in attorney fees for 17 hours at $300.00 per hour for bringing the motion to remand. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." Whether to award attorney fees is left to the discretion of the district court. Martin, 546 U.S. at 139. Determining whether attorney fees should be awarded turns on the reasonableness of the removal. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1165 (9th Cir. 2008).

#### 1. Defendant's Removal of this Action Was Not Objectively Reasonable

In this instance, Defendant contends that attorney fees should not be awarded because an objectively reasonable basis for removal exists. However, Urbino established that the representative employees' claims could not be aggregated in order to meet the jurisdictional requirement in a PAGA action. Urbino, 726 F.3d at 1122. The Court finds that the cases Defendant cites in support of removal are factually distinguishable and do not support the proposition that the amount in controversy requirement can be based on the State's potential recovery in this action where the state cannot be a party to the action. Lucent Techs., Inc., 642 F.3d at 737.

While Defendant cites cases addressing disagreement between district courts as to whether the seventy-five percent that is allotted to the state is considered in determining the amount in controversy for an individual plaintiff or in a CAFA action, see Adame v. Comtrak Logistics, Inc., No. EDCV1502232DDPKKX, 2016 WL 1389754, at *6 (C.D. Cal. Apr. 7, 2016) (cases conflict as to whether the state's portion of the potential PAGA penalties can be aggregated to the individual plaintiff's portion of the penalties), Defendant's removal is not based on aggregating the state's portion of the penalty with Plaintiff's. Defendant argues that jurisdiction exists because of the state's potential recovery in the entire action, an argument that was rejected by the Urbino court. Urbino, 726 F.3d at 1122-23. Accordingly, the Court finds that Defendant's removal of this action was not objectively reasonable; and Plaintiff should be

awarded attorney fees.

2. Amount of Attorney Fee Award

The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The Ninth Circuit has approved the use of the lodestar method to calculate the award associated with improper removal. John B. Schlaerth MD v. Spirtos, 308 Fed. Appx. 196, 198 (9th Cir. 2009); see also Albion Pacific Property Resources, LLC v. Seligman, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004).

Plaintiff requests an hourly rate of $300.00 per hour for Daniel Gaines. Mr. Gaines is a 2007 graduate of the University of Virginia School of Law and has been a member of the California Bar since 2007. (Decl. of Daniel Gaines ¶ 4, ECF No. 6-1.) Since becoming a member of the bar, Mr. Gaines has specialized in litigation with an emphasis in complex employment litigation. (Id. at ¶ 5.) Mr. Gaines has previously been awarded $300.00 per hour in this court. See White, 2014 WL 641083 at *5 (finding Mr. Gaines entitled to $300.00 per hour as commensurate with the prevailing market rates in the Eastern District of California). The Court finds that $300.00 per hour is a reasonable rate for the services provided by Mr. Gaines in this action.

Plaintiff seeks 7 hours for time spent preparing this motion and 10 hours for time spent traveling to and participating in the motion hearing. As the Court found this motion suitable for decision without oral argument, the 10 hours requested for attending the hearing were not expended, and shall be reduced from the requested amount. The Court finds that 7 hours is a reasonable amount of time for preparation of the motion to remand.

Accordingly, the Court recommends that Plaintiff be awarded attorney fees in the amount of $2,100.00 in this action.[2]

///

---

[2] 7 hours at $300.00 per hour.

# IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand be GRANTED;

2. Plaintiff be AWARDED attorney fees in the amount of $2,100.00; and

3. This action be REMANDED to the Superior Court of the State of California, County of Tulare.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __September 29, 2016__

UNITED STATES MAGISTRATE JUDGE